# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. 2:08-CR-99 |
| ) | |
| JAMES E. PATRICK, ) | |
| ) | |
| Defendant. ) | |

## OPINION and ORDER

This matter is before the Court on Defendant James Patrick's Motion to Dismiss, filed on October 26, 2009. For the reasons set forth below, Defendant's motion to dismiss is **DENIED**.

BACKGROUND

On June 19, 2009, Defendant was charged in an indictment with three counts of using a communication facility to facilitate the commission of a felony violation of 21 U.S.C. section 846. The indictment provides the following:

> Count 1
> On or about November 9, 2007, in the Northern District of Indiana, James E. Patrick, defendant herein, knowingly and intentionally used and caused to be used a communication facility, namely a telephone, to facilitate the commission of a felony violation of Title 21, United States Code, Section 846, namely conspiracy to possess with intent to distribute and distribute methamphetamine and Section 841(a)(1), namely possession with intent to distribute methamphetamine. All in violation of 21 United States Code, Section 843(b).

### Count 2
On or about November 23, 2007, in the Northern District of Indiana, James E. Patrick, defendant herein, knowingly and intentionally used and caused to be used a communication facility, namely a telephone, to facilitate the commission of a felony violation of Title 21, United States Code, Section 846, namely conspiracy to possess with intent to distribute and distribute marijuana and Section 841(a), namely possession with intent to distribute marijuana. All in violation of Title 21, United States Code, Section 843(b).

### Count 3
On or about December 1, 2007, in the Northern District of Indiana, James E. Patrick, defendant herein, knowingly and intentionally used and caused to be used a communication facility, namely a telephone, to facilitate the commission of a felony violation of Title 21, United States Code, Section 846, namely conspiracy to possess with intent to distribute and distribute marijuana and Section 841(a)(1), namely possession with intent to distribute marijuana; All in violation of Title 21, United States Code, Section 843(b).

Defendant filed the instant motion to dismiss the indictment on October 26, 2009. Defendant argues that the indictment must be dismissed because the allegations of the Indictment are insufficient to charge an offense or to advise the Defendant of the nature of the charges against him. The Government filed a response to the instant motion on December 23, 2009. Defendant filed a reply brief on January 11, 2010. Accordingly, the instant motion is fully briefed and ripe for adjudication.

DISCUSSION

Under Federal Rule of Criminal Procedure 7(c)(1), an indictment shall "be a plain, concise and definite written statement of the essential facts constituting the offense charged . . . ." A grand jury indictment serves to protect rights granted by the Fifth Amendment, namely limiting the federal government's power to hold someone to answer for a felony unless on a grand jury indictment, and the Sixth Amendment, which grants persons accused of a crime the right to be informed of the nature and cause of the accusation. *See Russell v. United States*, 369 U.S. 749, 760-61 (1962); *United States v. Glecier*, 923 F.2d 496, 499 (7th Cir. 1991). An indictment is sufficient if it states all the elements of the offense charged, informs the defendant of the nature of those charges enabling the defendant to prepare a defense, and is sufficiently specific to enable the defendant to assess any double jeopardy issues that may arise. *United States v. Allender*, 62 F.3d 909, 914 (7th Cir. 1995).

In considering the Defendant's argument, this Court is mindful that dismissing an indictment is an extraordinary measure. *See, e.g., United States v. Morrison*, 449 U.S. 361, 365 (1981) (concluding the dismissal of an indictment was unwarranted absent a constitutional violation that substantially prejudiced defendant's case); *United States v. Stokes*, 124 F.3d 39, 44 (1st Cir. 1997) ("Because the public maintains an abiding interest in the administration of criminal justice, dismissing an indictment is an extraordinary step.").

After considering the parties arguments, this Court finds that the indictment sufficiently states a claim because it states all of the elements of the offenses charged. *See Allender*, 62 F.3d at 914. In each of the three counts of the indictment, the Government properly sets forth the elements of the charged offenses. To sustain a violation of 21 U.S.C. section 843(b), the Government must prove that: (1) the defendant used a telephone; (2) the defendant's use of the telephone was accomplished as part of the committing of, or to cause or facilitate the committing of, the offense set forth in the particular count of the indictment at issue[1]; and (3) that such use of a telephone was knowing or intentional. *United States v. Are,* Nos. 07-3246, 07-3247, 07-3928, 08-2269, 2009 WL 5125820 (December 20, 2009, 7th Cir.).

The Defendant argues that, like the indictment at issue in *United States v. Hinkle*, 637 F.2d 1154 (7th Cir. 1981), the indictment at issue in this case is insufficient. The indictment alleged against the defendant in *Hinkle* failed to specify what the defendant attempted to facilitate with which controlled substance. The indictment alleged against Patrick is wholly different than the indictment alleged against the defendant in *Hinkle*: it informs Patrick of both the crime that Patrick attempted to facilitate and which controlled substance

---

[1]For Count 1, conspiracy to possess with intent to distribute and distribute methamphetamine and possession with intent to distribute methamphetamine. For Count 2 and 3, conspiracy to possess with intent to distribute and distribute marijuana and possession with intent to distribute marijuana.

is at issue. Accordingly, this argument is rejected.

Defendant further argues that, as a result of the Supreme Court's holding in *Abuelhawa v. United States*, 129 S.Ct. 2101 (2009), the elements of a violation of 21 U.S.C. section 843 were altered. This is a mischaracterization of the Court's holding. In *Abuelhawa* the Court held that use of a telephone to make a misdemeanor drug purchase is not use of a communication facility in causing or "facilitating" another's commission of the felony of drug distribution. Under *Abuelhawa,* if Patrick's involvement was limited to using a telephone to acquire misdemeanor quantities of the controlled substances in question, then he would have a legal defense to the allegations of the indictment; namely, the Government could not use that fact to establish that he "facilitated" the commission of a felony. The elements remains the same: the Government must prove that Patrick facilitated the commission of a felony. *Abuelhawa* merely clarifies the meaning of "facilitate" under 18 U.S.C. section 843. Accordingly, the Court finds that each of the required elements is adequately alleged in the indictment.

CONCLUSION

For the aforementioned reasons, Defendant James Patrick's Motion to Dismiss is **DENIED**.

DATED: January 29, 2010           /S/RUDY LOZANO, Judge
                                  **United States District Court**